UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| K.L. SMITH,<br><br>*Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP<br><br>*Defendant*. | Civil Action No. 25-3602 (CJN) |

**DEFENDANT'S MOTION TO DISMISS**
**AND MEMORANDUM IN SUPPORT THEREOF**

1

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... 2

TABLE OF AUTHORITIES ..................................................................................................... 3

BACKGROUND ....................................................................................................................... 7

LEGAL STANDARDS ............................................................................................................. 7

ARGUMENT ............................................................................................................................. 9

    I.     Plaintiff Lacks Standing ................................................................................................. 9

    II.    Plaintiff's Claims Are Patently Insubstantial and Subject to Dismissal for Lack of Subject-Matter Jurisdiction Under Rule 12(b)(1) .................................... 11

    III.   Plaintiff Fails to Satisfy the Minimal Pleading Standards or State a Claim for Relief Under Rule 12(b)(6) ................................................................................. 13

CONCLUSION ........................................................................................................................ 13

## TABLE OF AUTHORITIES

**Cases**

*Akhan v. United States*,
  Civ. A. No. 22-3812 (TSC), 2023 WL 3750490, at *2–3 (D.D.C. June 1, 2023) .................... 12

*Am. Libr. Ass'n v. F.C.C.*,
  401 F.3d 489, 493 (D.C. Cir. 2005) ........................................................................................ 9

*Andrade v. Lauer*,
  729 F.2d 1475, 1498, (D.C. Cir. 1984) ................................................................................ 10

*Ashcroft v. Iqbal*,
  556 U.S. 662, 678 (2009) ........................................................................................................ 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 555-56 (2007) .................................................................................................. 8

*Best v. Kelly*,
  39 F.3d 328, 330–31 (D.C. Cir. 1994) ................................................................................... 11

*Bond v. Dep't of Just.*,
  828 F. Supp. 2d 60, 69 (D.D.C. 2011) .................................................................................... 7

*Clinton v. Jones*,
  520 U.S. 681, 693 (1997) ...................................................................................................... 13

*FDIC v. Meyer*,
  510 U.S. 471, 475 (1994) ...................................................................................................... 12

*Fort Sill Apache Tribe v. Nat'l Indian Gaming Comm'n*,
  103 F. Supp. 3d 113, 117 (D.D.C. 2015) ................................................................................ 9

*Hagans v. Lavine*,

415 U.S. 528, 536–37 (1974) .................................................................................................. 11

*Hannis Distilling Co. v. Baltimore*,

216 U.S. 285, 288 (1910) ........................................................................................................ 11

*Isom v. Guterres*,

Civ. A. No. 24-01104 (APM), 2024 WL 2300651, at *1–2 (D.D.C. May 20, 2024) ............... 12

*Jarvis v. Kijakazi*,

Civ. A. No. 21-1523 (DLF), 2022 WL 4464985, at *2 (D.D.C. Sept. 26, 2022) ..................... 12

*Kaempe v. Myers*,

367 F.3d 958, 965 (D.C. Cir. 2004) .......................................................................................... 9

*Kerchner v. Obama*,

612 F.3d 204, 207 (3d Cir. 2010) ............................................................................................ 10

*Lance v. Coffman*,

549 U.S. 437, 442 (2007) ........................................................................................................ 10

*Lane v. Pena*,

518 U.S. 187, 192 (1996) ........................................................................................................ 11

*Maynard v. Architect of the Capitol*,

544 F. Supp. 3d 64, 77 (D.D.C. 2021) .................................................................................... 12

*Ndondji v. Interpark Holdings, Inc.*,

768 F. Supp. 2d 263, 272 (D.D.C. 2011) .................................................................................. 8

*Newburyport Water Co. v. Newburyport*,

193 U.S. 561, 579 (1904) ........................................................................................................ 11

*Newby v. Obama*,

681 F. Supp. 2d 53, 55 (D.D.C. 2010) .................................................................................... 11

*Newman v. United States ex rel. Frizzell*,

    238 U.S. 537, 550 (1915) ............................................................................................... 10

*Prosser v. Fed. Agric. Mortg. Corp.*,

    593 F. Supp. 2d 150, 154 (D.D.C. 2009) ......................................................................... 9

*Raines v. Byrd*,

    521 U.S. 811, 819 (1997) ............................................................................................... 10

*Schlesinger v. Reservists Comm. to Stop the War*,

    418 U.S. 208, 217 (1974) ................................................................................................. 9

*Sibley v. Obama*,

    866 F. Supp. 2d 17, 20 (D.D.C. 2012) ..................................................................... 9, 10

*Stone v. Dep't of Hous. & Urb. Dev.*,

    859 F. Supp. 2d 59, 64 (D.D.C. 2012) ........................................................................... 12

*Taitz v. Obama*,

    707 F. Supp. 2d 1, 3 (D.D.C. 2010) ............................................................................... 10

*Tooley v. Napolitano*,

    586 F.3d 1006, 1009 (D.C. Cir. 2009) ........................................................................... 11

*Trump v. United States*,

    603 U.S. 593, 613-15 (2024) ......................................................................................... 13

*United States v. King*,

    395 U.S. 1, 4 (1969) ....................................................................................................... 12

*Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*,

    454 U.S. 464, 486 (1982) ............................................................................................... 10

**Statutes and Other Authorities**

Fed. R. Civ. P. 12(b)(1) .................................................................................................................. 6

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 7

D.C. Code §16-3503 ...................................................................................................................... 9

Plaintiff K.L. Smith, proceeding *pro se*, filed a petition for writ "quo warranto" to remove President Donald J. Trump from the office of the presidency. Because Smith lacks standing and he has not stated a claim, Defendant respectfully moves to dismiss the claims asserted against him in their entirety.

## BACKGROUND

To the extent the Complaint can be discerned, Plaintiff has filed a petition for writ "quo warranto" to remove President Trump from his current office. Plaintiff contends that Defendant is not qualified to serve as president because he has and continues to violate the Constitution. *See generally* Complaint (Compl.). Because Plaintiff has not demonstrated he has the requisite standing to bring this case and because the claims are devoid of a factual bases that could lead to liability, the Court lacks subject matter jurisdiction over them, and the Complaint fails to state a claim upon which relief could be granted. Accordingly, the Complaint should be dismissed with prejudice.

## LEGAL STANDARD

### I. Dismissal Pursuant to Rule 12(b)(1)

Fed. R. Civ. P. 12(b)(1) addresses a court's subject matter jurisdiction to adjudicate a case. "Because this inquiry deals with a court's power to hear a plaintiff's claim, a Rule 12(b)(1) motion imposes on the Court an affirmative obligation to ensure tat it is acting within the scope of its authority." *Bond v. Dep't of Just.*, 828 F. Supp. 2d 60, 69 (D.D.C. 2011). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction[.]" *Id.* In response to a Rule 12(b)(1) motion, the plaintiff must establish that the court has subject-matter jurisdiction over the claims in the complaint. *Shuler v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008); *White v. United States*, 791 F. Supp. 2d 156, 159 (D.D.C. 2011). If the plaintiff is unable to do so, the Court

7

must dismiss the action. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted).

The question of whether the United States has waived its sovereign immunity against suit is, in the first instance, a question of subject matter jurisdiction. *See Yee v. Jewell*, 228 F. Supp. 3d 48, 53 (D.D.C. 2017) (subject matter jurisdiction turns on whether "Congress waived the United States's immunity to suit"). Plaintiff bears the burden of establishing that sovereign immunity has been abrogated. "A plaintiff must overcome the defense of sovereign immunity in order to establish the jurisdiction necessary to survive a Rule 12(b)(1) motion to dismiss." *Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006) (citing *Tri-State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003)).

## II.     Dismissal Pursuant to Rule 12(b)(6)

A motion made under Rule 12(b)(6) tests whether a complaint has successfully "state[d] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While detailed factual allegations are not necessary to withstand a Rule 12(b)(6) challenge, a plaintiff must nonetheless provide "more than labels or conclusions" or a "formulaic" recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible only when a plaintiff pleads factual content that enables the Court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While the Court must assume that any "well-pleaded factual allegations" in a complaint are accurate, conclusory allegations "are not entitled to the assumption of truth." *Id*. at 679.

Importantly, citation of materials outside of the complaint does not convert a Rule 12(b)(6) motion to dismiss into one for summary judgment if the cited materials were attached to the

complaint, were incorporated by reference in the complaint, or concern matters of which the Court may take judicial notice. *See Fort Sill Apache Tribe v. Nat'l Indian Gaming Comm'n*, 103 F. Supp. 3d 113, 117 (D.D.C. 2015) (citing *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007)); *Ndondji v. Interpark Holdings, Inc.*, 768 F. Supp. 2d 263, 272 (D.D.C. 2011); *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004) (permitting consideration of documents "referred to in the complaint and [] integral to [the plaintiff's] claim").

## ARGUMENT

I. **Plaintiff Lacks Standing.**

Plaintiff lacks standing for failure to show that he has suffered a particularized injury due to President Trump's actions or inactions. "'Article III standing is a prerequisite to federal court jurisdiction, and . . . petitioners carry the burden of establishing their standing.'" *Prosser v. Fed. Agric. Mortg. Corp.*, 593 F. Supp. 2d 150, 154 (D.D.C. 2009) (quoting *Am. Libr. Ass'n v. F.C.C.*, 401 F.3d 489, 493 (D.C. Cir. 2005)). For Plaintiff to satisfy the requirements of constitutional standing, he, first, "must demonstrate that he has suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, he must show a causal connection between the injury and the conduct complained of-the injury has to be fairly. . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* "A generalized interest of all citizens in constitutional governance does not suffice to confer standing on one such citizen." *Sibley v. Obama*, 866 F. Supp. 2d 17, 20 (D.D.C. 2012)(*citing Drake v. Obama*, 664 F.3d 774, 779 (9th Cir. 2011)) (*citing Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 217 (1974)).  "To establish standing in a case, the plaintiff must show that he has a "personal stake" in the alleged dispute, and that the injury is

"particularized" as to him." *Sibley*, 866 F.Supp. 2d at 20 (*citing Raines v. Byrd*, 521 U.S. 811, 819 (1997)).

Here, Plaintiff fails to allege how he has been concretely injured by Defendant's actions or inactions. Plaintiff's Complaint lists a panoply of general policy grievances and other purported decisions made by Defendant or Trump Administration officials. Plaintiff asserts no particularized injury to himself. *Kerchner v. Obama*, 612 F.3d 204, 207 (3d Cir. 2010). Policy disagreements or "the intensity of the litigant's interest or the fervor of his advocacy" do not on their own, confer standing. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 486, (1982). To his credit, Plaintiff has a deep vested interest in his country's success and a functioning system of government. *See* Compl. Section I. But Plaintiff does not have "an interest in the office itself" because he did not seek the office of the presidency at the same time as Defendant. *Sibley*, 866 F.Supp.2d at 20 (*citing Newman v. United States ex rel. Frizzell*, 238 U.S. 537, 550 (1915)).

Further, Plaintiff is not the proper party to bring an action under D.C. Code §16-3503, because he has not alleged that the Attorney General or United States Attorney for the District of Columbia have refused to institute his request to institute a quo warranto proceeding. The D.C. Circuit has "concluded that only the Attorney General or the United States Attorney has standing to bring a quo warranto action challenging a public official's right to hold office." *Sibley*, 866 F. Supp. 2d at 20-21(*citing Taitz v. Obama*, 707 F. Supp. 2d 1, 3 (D.D.C. 2010)((*citing Andrade v. Lauer*, 729 F.2d 1475, 1498, (D.C. Cir. 1984)). A challenge to a public official's authority "concerns a right of the entire public that only a public representative can protect." *Sibley*, 866 F. Supp. 2d at 21(citing *See Taitz*, 707 F. Supp. 2d at 3 (citing *United States v. Carmody*, 148 F.2d 684, 685 D.C. Cir. 1945)).

Ultimately, Plaintiff fails to connect the dots as to how Defendant has caused him an actual injury in fact. Thus, absent any allegations to suggest Plaintiff has some "particularized stake in the litigation," this suit presents "precisely the kind of undifferentiated, generalized grievance about the conduct of government" that courts may not hear. *Lance v. Coffman*, 549 U.S. 437, 442 (2007). Nor is he the proper party to bring this action.

## II. Plaintiff's Claims Are Patently Insubstantial and Subject to Dismissal for Lack of Subject-Matter Jurisdiction Under Rule 12(b)(1).

Despite entitlement to more lenient pleading standards, a pro se plaintiff still carries the burden to establish that the Court has subject matter jurisdiction over their case. *See Newby v. Obama*, 681 F. Supp. 2d 53, 55 (D.D.C. 2010). Relevant here, "[a] complaint may be dismissed on jurisdictional grounds when it is patently insubstantial, presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (citation modified). Indeed, the Supreme Court has "repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *see also Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105 (1933) ("jurisdiction . . . is wanting where the claim set forth in the pleading is plainly unsubstantial"). For example, conspiracy theories qualify as "patently insubstantial" allegations and therefore "present[] no federal question suitable for decision." *Best v. Kelly*, 39 F.3d 328, 330–31 (D.C. Cir. 1994). "[O]bviously frivolous" claims are another category of claims that fail to support jurisdiction in federal courts. *Hagans*, 415 U.S. at 536–37 (*quoting Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288 (1910)).

Here, Plaintiff's Complaint contains the type of insubstantial allegations courts have previously found lacking for want of subject matter jurisdiction. The Complaint "present[s] no

11

federal question suitable for decision," as it broadly asserts a violation of constitutional law based on extreme, conspiratorial assertions with virtually no supporting factual allegations. *See Tooley*, 586 F.3d at 1009. Plaintiff's incomprehensible allegations alone provide sufficient grounds for dismissal. *See, e.g.*, *Isom v. Guterres*, Civ. A. No. 24-01104 (APM), 2024 WL 2300651, at *1–2 (D.D.C. May 20, 2024) (dismissing a complaint for failure to state a claim where it was "vague and rambling, alleging a wide-spread conspiracy"); *Akhan v. United States*, Civ. A. No. 22-3812 (TSC), 2023 WL 3750490, at *2–3 (D.D.C. June 1, 2023).

Separately, Plaintiff must identify an express waiver of sovereign immunity with respect to the claims asserted. "Sovereign immunity bars suits against the United States, its agencies, and its employees sued in their official capacities, absent a waiver." *Jarvis v. Kijakazi*, Civ. A. No. 21-1523 (DLF), 2022 WL 4464985, at *2 (D.D.C. Sept. 26, 2022) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). Waivers of sovereign immunity "must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citation omitted); *see also United States v. King*, 395 U.S. 1, 4 (1969).

Here, this jurisdictional bar precludes all of Plaintiff's claims, whether for money damages, declaratory relief, or other relief. *See, e.g.*, *Maynard v. Architect of the Capitol*, 544 F. Supp. 3d 64, 77 (D.D.C. 2021) (holding that the Declaratory Judgment Act does not confer the Court with jurisdiction over claim, since the availability of declaratory relief presupposes the existence of a judicially remediable right and thus a waiver of sovereign immunity); *Stone v. Dep't of Hous. & Urb. Dev.*, 859 F. Supp. 2d 59, 64 (D.D.C. 2012) ("[T]he Declaratory Judgment Act does not provide a waiver of sovereign immunity.").

**III.     Plaintiff Fails to Satisfy the Minimal Pleading Standards or State a Claim for Relief Under Rule 12(b)(6).**

Even if true, Plaintiff's claims face an insurmountable wall of presidential immunity with his claims against President Trump. *See Trump v. United States*, 603 U.S. 593, 613-15 (2024). Indeed, the Supreme Court has held "the President must be absolutely immune from 'damages liability for acts within the outer perimeter of his of his official responsibility." *Trump*, 603 U.S. at 611; *see also Clinton v. Jones*, 520 U.S. 681, 693 (1997) (the President is entitled to absolute immunity for any action taken in the course of his official duties).

Here, even if Plaintiff's allegations surrounding President Trumps's actions or inactions or presidential duties were true, he is immune from any lawsuit or liability because those actions were taken while serving in his official capacity as President. Thus, the Court should dismiss Plaintiff's Complaint for failure to state a claim on presidential immunity grounds.

* * *

**CONCLUSION**

For the foregoing reasons, the Court should dismiss this case with prejudice.

Dated: January 29, 2026                              Respectfully submitted,

                                                      JEANINE FERRIS PIRRO
                                                      United States Attorney

                                                By:    */s/ Amanda L. Torres*
                                                      AMANDA L. TORRES D.C. Bar #1562702
                                                      Assistant United States Attorney
                                                      601 D. Street, N.W.
                                                      Washington, D.C. 20530
                                                      (202) 740-2243
                                                      amanda.torres@usdoj.gov

                                                *Attorneys for the United States of America*

## **CERTIFICATE OF SERVICE**

I certify on the 30th day of January 2026, I caused a true and correct copy of the foregoing to be served on Plaintiff via first-class mail at the following address:

K.L. Smith
3649 Evergreen Pkwy
#504
Evergreen, CO 80437

                                                                               */s/ Amanda L. Torres*
                                                                               AMANDA L. TORRES
                                                                               Assistant United States Attorney