**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

K.L. SMITH,

          *Plaintiff*,

    v.

DONALD J. TRUMP,

          *Defendant*.

Civil Action No. 25-cv-03602 (CJN)

**MEMORANDUM OPINION**

Plaintiff K.L Smith, proceeding *pro se*, sues President Donald J. Trump alleging that he is not lawfully the President of the United States and requests that the Court enter "a writ of quo warranto" to remove him from office. *See* ECF No. 1-1 ("Compl.").

In particular (and to the extent it can be understood), Smith's Complaint, which he titles a "Petition for Leave for Issuance of Relief in the Nature of a Writ of Quo Warranto," alleges that President Trump is unlawfully occupying that office, "undermin[ing] constitutional governance and the rule of law." *Id.* at 6.[1] He claims that President Trump engaged in an insurrection against the United States and therefore cannot be President under Section Three of the Fourteenth Amendment. *See id.* at 14–15. And he contends that "a quo warranto action is sufficient to enforce Section 3 of the Fourteenth Amendment." *Id.* at 16.

To survive a motion to dismiss under Rule 12(b)(1), a plaintiff—even one proceeding *pro se*—bears the burden of establishing that the Court has subject-matter jurisdiction over his claims. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Strunk v. Obama*, 880 F. Supp. 2d 1, 3

---

[1] The Court cites to the page numbers generated by CM/ECF.

(D.D.C. 2011) ("[T]he requirement that courts liberally interpret *pro se* pleadings does not dispense with the constitutional requirement of standing.").[2]  In deciding a 12(b)(1) motion, the Court "need not limit itself to the allegations of the complaint."  G*rand Lodge of the Fraternal Ord. of Police v. Ashcroft*, 185 F. Supp. 2d 9, 14 (D.D.C. 2001).  Rather, the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."  *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).  Additionally, the Court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged."  *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks omitted).  The factual allegations in a plaintiff's complaint, however, "'will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim."  G*rand Lodge*, 185 F. Supp. 2d at 13–14 (quoting 5A Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure § 1350 (2d ed. 1987)).  If the Court finds that it lacks jurisdiction over a claim, it must dismiss that claim without prejudice.  Fed. R. Civ. P. 12(b)(1), 12(h)(3); *see N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1253 (D.C. Cir. 2020).

Article III of the Constitution limits federal courts' jurisdiction to resolving "cases" or "controversies."  U.S. Const. art. III, § 2, cl. 1.  "A showing of standing is [therefore] an essential and unchanging predicate to any exercise of [federal court] jurisdiction."  *Grand Lodge*, 185 F.

---

[2] The government also moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Smith's complaint fails to state a claim upon which relief can be granted.  *See* ECF No. 14 at 13.  Because the Court concludes that it lacks jurisdiction over Smith's claims, it need not decide whether Smith's complaint satisfies Rule 12(b)(6).  *See Newby v. Obama*, 681 F. Supp. 2d 53, 55 n. 6 (D.D.C. 2010) ("Because the Court concludes that it does not have subject matter jurisdiction over plaintiff's claims, it need not reach the question of whether plaintiff adequately stated a claim under Rule 12(b)(6) or whether the doctrines of collateral estoppel and *res judicata* apply."); *Curran v. Holder*, 626 F. Supp. 2d 30, 32 (D.D.C. 2009).

Supp. 2d at 14 (alterations in original) (internal quotation marks omitted) (quoting *Florida Audubon Soc. v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996)).  "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan*, 504 U.S. at 560–61).  "For an injury to be particularized, it must affect the plaintiff in a personal and individual way," and for it to be concrete, it must be "real, and not abstract." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–40 (2016) (internal quotation marks omitted).

Here, Smith "lacks standing to challenge President [Trump's] current tenure in office, just as others who have made similar claims contesting [presidents'] eligibility for the presidency were found to lack standing."  *Sibley v. Obama*, 866 F. Supp. 2d 17, 20 (D.D.C. 2012), *aff'd*, No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012).  His complaint contains no factual allegations explaining how he has been personally or concretely injured by Trump's allegedly unlawful Presidency.  *See generally* Compl.; *cf. Strunk*, 880 F. Supp. 2d 1 at 4 (finding that a plaintiff asserted "only a generalized grievance [ ], rather than a particularized injury" where he claimed that the President was ineligible for office, making his acts "void *ab initio*").  Because Smith's complaint alleges no facts establishing a "particularized stake in the litigation," it amounts to "precisely the kind of undifferentiated, generalized grievance about the conduct of government that" federal courts cannot entertain.  *Lance v. Coffman*, 549 U.S. 437, 442 (2007); *see Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) ("A litigant 'raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly

3

benefits him than it does the public at large—does not state an Article III case or controversy.'"
(quoting *Lujan*, 504 U.S. at 573–74)).

Accordingly, this matter is dismissed without prejudice.  A separate Order will accompany
this Memorandum Opinion.


DATE:  April 16, 2026

CARL J. NICHOLS
United States District Judge

4